IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ANTHONY REMPERSAD, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-18-2629 |
| | * |
| UNITED STATES OF AMERICA, | |
| | * |
| Defendant. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Anthony Rempersad brought this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, alleging that he was injured by an automobile driven by an employee of the Office of Personnel Management ("OPM"). ECF No. 1.[1] Pending before the Court is the United States' Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment. ECF No. 18. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment is granted.

**I.   BACKGROUND**

On October 1, 2015, Plaintiff was operating his vehicle in Baltimore City, Maryland. ECF No. 1 ¶ 8. Around 11:48 a.m., Tiffany Wright, an employee of OPM, was operating an OPM vehicle when she failed to stop at a duly marked stop sign and struck Plaintiff's vehicle. *Id.*

---

[1] Also pending before the Court is Plaintiff's Motion for Default Judgment. ECF No. 15. According to a Consent Motion filed by the United States on December 3, 2019, Plaintiff has agreed to withdraw that Motion. ECF No. 16. The Clerk shall update the docket to reflect that the Motion for Default Judgment is withdrawn.

¶ 9. As a result of the collision, Plaintiff suffered physical, mental, and emotional injuries. *Id.* ¶ 12.

On January 27, 2016, counsel for Plaintiff sent a letter to Ms. Wright at her personal address notifying her that the law firm of Cohen & Dwin, P.A. had "been retained to represent [Plaintiff] for injuries he sustained in an accident of 10/01/2015 in which [she was] involved." ECF No. 18-3. The letter informed Ms. Wright that she "should notify [her] insurance company of this claim immediately and forward this letter to them." *Id.* It did not contain a claim for money damages stating a sum certain or any other materials in support of the claim. *See id.*

On March 9, 2016, OPM responded to the letter, stating that it had reviewed Plaintiff's claim and the relevant documents. ECF No. 18-4. It explained that federal regulations required an administrative claim to include evidentiary support, including an executed Standard Form 95 and medical records. *Id.* It stated that OPM had contacted Plaintiff on February 24, 2016 and was told that Plaintiff would be submitting a "demand package," but as of the date of the letter, OPM had not received any of the necessary documents. *Id.* The letter stated further that OPM could not process the claim until Plaintiff submitted the required documentation and requested that Plaintiff submit the documentation by or before April 9, 2016 so that it could timely adjudicate the claim. *Id.* On November 21, 2016, OPM issued a "final denial of [Plaintiff's] claim pursuant to 5 C.F.R. § 177.109," explaining that OPM "still ha[d] not received the documentation required to perfect a claim under the [FTCA]." ECF No. 18-5. The denial was sent via certified mail. *See id.*; ECF No. 20-2.

On February 26, 2017, Plaintiff filed suit against the United States in this Court based on the automobile accident. *See Rempersad v. United States*, No. JKB-17-560 (D. Md.) ("*Rempersad I*"). In response, the United States filed a motion to dismiss, asserting that Plaintiff

had failed to present an appropriate administrative tort claim containing a "sum certain," as required by federal law. *See Rempersad I*, ECF No. 10. Instead of opposing the motion, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41. *See Rempersad I*, ECF No. 11. On June 30, 2017, Chief Judge Bredar entered an order dismissing the case without prejudice. *See Rempersad I*, ECF No. 12.

On July 5, 2017, Plaintiff submitted a Standard Form 95 to OPM related to the automobile accident, seeking $6,719.09 for property damage and $5,684.01 for personal injury, for a total claim of $12,403.13.[2] ECF No. 18-6. In May 2018, Plaintiff's counsel attempted to settle the claim with OPM, but OPM informed Plaintiff's counsel that it did not have the supporting documentation required to adjudicate the claim. ECF Nos. 19-7, 19-8. On June 13, 2018, Plaintiff's counsel resubmitted the original Standard Form 95, in addition to medical expenses and reports. ECF Nos. 19-9, 19-12. On September 11, 2019, OPM offered to settle the Plaintiff's claim in the amount of $5,684.01. ECF No. 19-13.

On August 25, 2018, before OPM's settlement offer, Plaintiff filed the instant case against the United States, alleging negligence based on the automobile accident and requesting $200,000.00 in damages. ECF No. 1. The United States filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on December 20, 2019. ECF No. 18. Plaintiff filed a response on January 2, 2020, ECF No. 19, and the United States filed a reply on January 16, 2020, ECF No. 20.

---

[2] The form states that the total claim is for $12,403.13, but the sum of the property damage and personal damage claims is actually $12,403.10.

## II.     STANDARD OF REVIEW

The United States contends that the Complaint is time-barred, and therefore it is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)[3] or summary judgment pursuant to Federal Rule of Civil Procedure 56. To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do").

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted).

---

[3] Until recently, courts have analyzed motions to dismiss based on the FTCA's limitations period, 28 U.S.C. § 2401(b), under Rule 12(b)(1). *See Fleming v. United States*, 200 F. Supp. 3d 603, 607 (D. Md. 2016). The Supreme Court has since held that § 2401(b) imposes a "standard time bar" that is not jurisdictional, and so motions to dismiss pursuant to that time bar are to be considered under Rule 12(b)(6). *See id.* (citing *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015)).

The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

The United States' motion is styled as a Motion to Dismiss or, in the Alternative, for Summary Judgment. If the Court considers materials outside the pleadings, as the Court does here, the Court must treat a motion to dismiss as one for summary judgment. *See* Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery).

However, summary judgment should not be granted if the nonmoving party has not had the opportunity to discover information that is essential to his opposition to the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1987). If the nonmoving party feels that the motion is premature, that party can invoke Fed. R. Civ. P. 56(d). *See Celotex Corp. v. Catrett*, 477 U.S.

317, 326 (1986). Under Rule 56(d), the Court may deny a motion for summary judgment if the non-movant shows through an affidavit that, for specified reasons, he or she cannot properly present facts, currently unavailable to him or her, that are essential to justify an opposition. Fed. R. Civ. P. 56(d). "'[T]he failure to file an affidavit ... is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (citations omitted). But a failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court served as the functional equivalent of an affidavit." *Id.* at 24–25 (citations and internal quotation marks omitted).

    Here, Plaintiff has not filed an affidavit under Rule 56(d) or made an equivalent showing of the need for more discovery. Thus, the Court will construe the Motion to Dismiss or, in the Alternative, for Summary Judgment as a Motion for Summary Judgment.

    Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. A material fact is one that "might affect the

outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III.  DISCUSSION

"The FTCA permits actions for damages against the United States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment…." *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995) (citing 28 U.S.C. § 1346(b)). The FTCA provides that a tort action against the United States "shall not be instituted … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim" for the purposes of instituting a claim in federal court. *Id.*

To meet the burden of presenting an administrative claim, a claimant must provide notice to the federal agency that "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994) (internal quotation marks omitted); *see also* 5 C.F.R. § 177.102(a); 28 C.F.R. § 14.2(a). "The sum-certain requirement is one of substantial importance, and even courts liberally construing

the presentment requirement under the FTCA require that the claimant place a certain value on the claim." *Ahmed*, 30 F.3d at 517.

If an administrative claim is not "presented in writing to the appropriate Federal agency within two years after such claim accrues," it "shall be forever barred." 28 U.S.C. § 2401(b). Moreover, if an action is not "begun [in the appropriate district court] within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," the claim "shall be forever barred." *Id.* § 2401(b). Claims against a federal agency may be amended and refiled, but only if done so prior to the issuance of a final decision by the agency or, if the agency fails to make a final decision, the commencement of suit in district court. 28 C.F.R. § 14.2(c); *see also* 5 C.F.R. § 177.102(e). "If the agency denies the claim, the claimant has six months in which to file his suit in the district court, or to file a request for reconsideration with the agency." *Little v. United States*, No. WMN-12-2173, 2013 WL 105310, at *1 (D. Md. Jan. 8, 2013) (citing 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.9(b)); *see also* 5 C.F.R. § 177.109.

Here, Plaintiff first submitted his administrative claim to OPM in 2016, *see* ECF No. 10-3, and OPM issued its final adjudication on November 21, 2016, *see* ECF No. 10-4. In denying Plaintiff's claim, OPM stated:

> [H]aving reviewed your claim, the facts, and the applicable law, we are issuing a final denial of your claim pursuant to 5 C.F.R. § 177.109. It is the position of OPM that you have failed to meet the evidentiary requirements for filing a claim under the FTCA and consequently, failed to state a cognizable cause of action against OPM or any of its employees upon which relief can be granted under the FTCA. If you are dissatisfied with this action, you may file suit in an appropriate United States district court not later than 6 months after the date of this letter.

8

*Id.*[4] Plaintiff did not file the instant case until August 25, 2018, *see* ECF No. 1, which is beyond the six-month period that was triggered by OPM's final adjudication. Plaintiff's claim is therefore time-barred. *See* 28 U.S.C. § 2401(b); 5 C.F.R. § 177.109; 28 C.F.R. § 14.9.

As noted, Plaintiff did previously file a timely action in this Court in 2017. *See Rempersad I*. However, in response to a motion to dismiss by the United States contending that Plaintiff failed to appropriately present an administrative claim to OPM because the claim did not contain necessary substantive information, including a "sum certain," Plaintiff chose to voluntarily dismiss that action pursuant to Federal Rule of Civil Procedure 41(a). *See Rempersad I*, ECF Nos. 9, 10, 11. "The general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all," *Dove v. CODESCO*, 569 F.2d 807, 809 n.3 (4th Cir. 1978), and "a dismissed case must be re-filed within the time mandated by the statute of limitations," *Johnson v. Oldcastle Precast, Inc.*, 522 F. Supp. 2d 739, 741 (D. Md. 2007). Indeed, where an FTCA action is dismissed without prejudice for failure to completely exhaust administrative requirements, it still must be re-filed within the six-month period provided by 28 U.S.C. § 2401(b). *See Mizrach v. United States*, No. WDQ-11-1153, 2012 WL 414806, at *4 (D. Md. Feb. 7, 2012) (finding that where plaintiff's first FTCA claim was dismissed without prejudice for failure to satisfy administrative exhaustion requirements under state law and

---

[4] Plaintiff contends that he "has no record of this letter" and was only able to obtain it through a search of PACER, the online search engine that provides access to federal court records and documents, on January 2, 2020. ECF No. 19 at 5; ECF No. 19-2. This cannot be true, as the Complaint explicitly states that "the United States has made a *final disposition of the Plaintiff's administrative claim by written denial* in accordance with 28 U.S.C. § 2675(a) *on November 21, 2016*." ECF No. 1 ¶ 7. Plaintiff would not have been able to make this allegation in the Complaint, which was filed on August 25, 2018, had he not learned of the denial letter until a PACER search conducted on January 2, 2020. More importantly, even if Plaintiff had never received the final denial letter, it is the mailing of a denial, not receipt of that denial, that triggers the FTCA's six-month period. *See Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) ("In sum, § 2401(b) requires a plaintiff to bring a federal civil action within six months after a federal agency mails its notice of final denial of his claim."); *Zander v. United States*, 843 F. Supp. 2d 598, 607 (D. Md. 2012) (finding that § 2401(b)'s six-month time period began to run when "the United States caused the notice of final denial to go forward in the postal system").

plaintiff failed to file the second claim within the six-month period triggered by the federal agency's initial denial, the second claim was time-barred). Thus, even though Plaintiff previously filed a timely action, because Plaintiff "failed to file *this* lawsuit within the FTCA's six-month limit" that was triggered when OPM finally denied his claim, it is time-barred and must be dismissed. *See id.* (emphasis in original).

In opposition, Plaintiff contends that the six-month period for filing in district court was not triggered by OPM's denial on November 21, 2016, but instead began after OPM failed to timely adjudicate the claim he filed with the Standard Form 95 in 2017. ECF No. 19 at 4–5.[5] He argues that the communication he had with OPM in 2016 was a "mere inquiry," the 2017 administrative claim was timely because it was filed within two years of the automobile accident, and this Complaint is timely because it was filed after he waited more than six months for OPM to adjudicate the 2017 claim and it failed to do so. *Id.* This argument is unpersuasive.

As an initial matter, Plaintiff cites to no authority to support his contention that the 2016 communication should be viewed as anything other than the filing of an administrative claim.[6] Moreover, neither OPM nor Plaintiff interpreted the 2016 communication as a "mere inquiry." OPM's March 9, 2016 letter clearly requested additional information so that it could adjudicate Plaintiff's "claim," *see* ECF No. 18-4 ("We have reviewed your claim and the relevant documents; our findings are set forth below."); *id.* ("We cannot process your claim until you submit the required documentation."), and, more importantly, OPM's November 21, 2016 denial letter clearly stated it was "a *final denial* of [Plaintiff's] *claim*" pursuant to OPM's regulations

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[6] Plaintiff does not explicitly make this argument, but to the extent Plaintiff contends that OPM's denial of the first claim should not count as a final denial because the initial claim did not include key information, such as a sum certain and a Standard Form 95, the Court rejects this argument. "While [Plaintiff] had the option of providing such additional evidence in a timely amendment or motion to reconsider, a claimant's failure to include evidence does not invalidate the agency's denial." *See Redlin v. United States*, 921 F.3d 1133, 1139 n.6 (9th Cir. 2019).

governing final denials of administrative tort claims, *see* ECF No. 18-5 (emphasis added); *see also Palmer-Williams v. United States*, No. 14-CV-9260 (CS), 2016 WL 676465, at *6 (S.D.N.Y. Feb. 18, 2016) (distinguishing between "purported claim forms that are returned without review and consideration from those that are 'finally denied,'" suggesting that the former do trigger the FTCA's six-month period and the latter do not). Plaintiff apparently also interpreted the November 21, 2016 letter as a final denial, because he subsequently filed *Rempersad I* in this Court. *See Rempersad I*, ECF No. 1.

And, contrary to Plaintiff's apparent contention, the second administrative claim he filed on July 5, 2017 did not restart the FTCA's six-month filing period. "Where, as here, a party has filed duplicative administrative claims, an inquiring court can regard the second claim in one of two ways: as either an attempt to re-file the original claim or an attempt to have the agency reconsider its disposition of the original claim." *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010); *see also Redlin*, 921 F.3d at 1138–39. "Either way, the second claim in this case is a nullity." *See Roman-Cancel*, 613 F.3d at 42.

If the Court views Plaintiff's second claim as an attempt to re-file, "it would not reconfigure the FTCA time line" because "[n]othing to change the substance of the claims occurred in the interval between the first and second filings" and so the second claim had no "legal effect." *See id.* "After all, it would be pointless for a court to allow a claimant an opportunity to reopen the FTCA's limitations window by the simple expedient of re-filing a claim to supplant an earlier, functionally equivalent claim on which the window had been shut." *See id.*; *see also Redlin*, 921 F.3d at 1139 ("[I]f claimants could make successive filings regarding the same claim, and each filing required the agency to make a successive denial that

restarted the statute of limitations on that claim, the six-month limitations period would effectively be read out of the statute.").

If the Court instead views the second administrative claim as a request to reconsider the original denial, it is still untimely. Plaintiff submitted an administrative claim in 2016 without necessary information and he was given ample notice of that deficiency. *See* ECF Nos. 18-3; 18-4. When he did not provide the requested information, his claim was finally denied on November 21, 2016. *See* ECF No. 18-5. At that point, he had six months to file a request for reconsideration with OPM, *see* 5 C.F.R. § 177.109; 28 C.F.R. § 14.9(b), but the second administrative claim was not filed until July 5, 2017, more than seven months later. *See* ECF No. 18-6. It does not matter, as Plaintiff contends, that the second administrative claim was filed within two years of his original injury because "[o]nce [his] claim was denied by [OPM], the two year claim presentation period was terminated and [he] w[as] left with the statutory six month period to file a claim in district court or to seek reconsideration." *See Baker v. United States*, No. 12-494 (JBS/JS), 2013 WL 3745880, at *7 (D.N.J. July 15, 2013) (finding that where agency gave plaintiff adequate time to fix a deficient FTCA claim, and denied that claim after plaintiff failed to do so, and plaintiff's subsequent filing in district court was dismissed for failure to perfect the administrative claim, plaintiff was not permitted to file an amended administrative claim more than six months after the original denial); *see also Redlin*, 921 F.3d at 1139–40 (stating that the six-month period "begins running as soon as the agency mails its *initial* final notice" (emphasis added)).[7] Plaintiff's second administrative filing was therefore a "nullity" because it provided no

---

[7] Were Plaintiff's theory that the first administrative claim was not an actual claim because it did not include the necessary information, "those who filed proper claims that were rejected by the agency would be required, pursuant to 28 U.S.C. § 2401(b), to file a lawsuit within six months of the agency's final denial, but those who filed defective claims could disregard that statutory requirement. That cannot be the law." *See Palmer-Williams*, 2016 WL 676465, at *6 n.8.

substantive amendment to the original claim and it was not a timely request for reconsideration of the initial final denial. Thus, it did not trigger a new six-month period during which Plaintiff could file a case in this Court.

Finally, Plaintiff appears to contend that he is entitled to equitable relief from the statute of limitations because OPM offered to settle his claim on September 11, 2019. *See* ECF No. 19 at 8. The FTCA's filing deadlines under § 2401(b) are not jurisdictional and therefore allow equitable relief, *Lucas v. United States*, 664 F. App'x 333, 334 (4th Cir. 2016) (citing *Kwai Fun Wong*, 575 U.S. at 405), but such equitable relief is granted "only sparingly," *see Smith v. Brennan*, No. PWG-17-3334, 2019 WL 3046108, at *6 (D. Md. July 11, 2019) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) (internal quotations marks omitted).

The burden of establishing a basis for equitable tolling or estopping a defendant from relying on a statute of limitations rests with the plaintiff. *See id.* at *7. To rely upon equitable estoppel, a plaintiff must demonstrate that the defendant "engaged in affirmative misconduct intended to mislead or deceive [him] into missing the [filing] deadline." *Id.* (quoting *Rock v. McHugh*, 819 F. Supp. 2d 456, 469 (D. Md. 2011)) (internal quotation marks omitted). And "[a] statute can be equitably tolled only if a plaintiff shows that (1) []he pursued h[is] claim with reasonable diligence and (2) extraordinary circumstances prevented h[im] from filing on time." *Lucas*, 664 F. App'x at 335 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Equitable tolling is an extraordinary remedy limited to those occasions when 'it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Here, Plaintiff cannot meet his burden. He is not entitled to equitable estoppel because there is no evidence that OPM or the United States misled him or prevented him from timely

13

filing this suit. In fact, upon filing the initial administrative complaint, OPM informed Plaintiff that he needed to provide additional information in support of his claim and provided him eight months to do so before finally denying his claim after he failed to respond. *See* ECF Nos. 18-4, 18-5. The settlement offer in question did not even occur until September 11, 2019, well after the six-month period for filing in federal court or requesting reconsideration had expired, and even after Plaintiff had filed the instant case. The settlement offer therefore could not have prevented Plaintiff from timely filing the Complaint.

Plaintiff is similarly not entitled to equitable tolling because he cannot show that he diligently pursued his claim or that extraordinary circumstances prevented him filing on time. As noted, OPM provided Plaintiff with eight months to provide the necessary supporting information, but he failed to do so, and he did not attempt to perfect his claim until eight months after OPM's final denial. He has also neglected to point to any extraordinary circumstances to excuse his untimeliness. Thus, Plaintiff is not entitled to equitable relief.

Accordingly, summary judgment is granted in favor of the United States because the Complaint is untimely.

## IV. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment, interpreted as a Motion for Summary Judgment, is granted. A separate Order shall issue.

Date: <u>May     28, 2020</u>                                        /s/_____
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge